IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEBRA OLSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-cv-00602-JTM |
| ) | |
| SAINT LUKE'S HOSPITAL ) | |
| OF KANSAS CITY ) | |
| ) | |
| Defendant. ) | |

## SUGGESTIONS IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

**COMES NOW** Plaintiff Debra Olson, appearing by and through counsel, and for her Suggestions in Support of Plaintiff's Motion to Remand states as follows:

### I. PROCEDURAL HISTORY

This action was originally filed on October 19, 2010 in the Circuit Court of Jackson County, Missouri. The Plaintiff originally asserted a sole count of discrimination under the Missouri Human Rights Act.

On May 10, 2011, Plaintiff filed a motion for leave to file a First Amended Petition. The proposed First Amended Petition asserted a workers' compensation retaliation claim pursuant to Section 287.870 RSMo. It also asserted claims under the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.,* and the Rehabilitation Act, 29 U.S.C. § 705(20). Defendants filed no opposition to the Plaintiff's motion for leave. The motion was granted by the Circuit Court on June 1, 2011, and the First Amended Petition was deemed to be filed as of that date.

Defendants filed a Notice of Removal to this Court on June 13, 2011. Defendants alleged federal question jurisdiction arising from the new federal claims asserted in the First Amended Petition.

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. Oglala Sioux Tribe v. C & W Enterprises, Inc., 487 F.3d 1129, 1130 (8th Cir. 2007); Hollenbeck v. Outboard Marine Corp., 201 F.Supp.2d 990, 992 (E.D. Mo. 2001). Federal Courts have only that jurisdiction which Congress confers upon them, and the party invoking the district court's original jurisdiction has the duty of affirmatively alleging jurisdiction. Wallach v. City of Pagedale, 376 F.2d 671,675 (8th Cir. 1967); Fed. R. Civ. P. 8(a). A lack of federal subject matter jurisdiction cannot be waived. In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). Jurisdiction must affirmatively appear, clearly and distinctly. Koll v. Wayzata State Bank, 397 F.2d 124, 127 (8th Cir.1968).

The party seeking removal and opposing remand has the burden of proving federal subject matter jurisdiction. In Re Business Men's Assur. Co. of America, 992 F.2d 181 (8th Cir.1993). The purpose of the removal statute is to restrict and limit removal jurisdiction. Hollenbeck, 201 F.Supp.2d at 992. When ruling on a motion to remand, "the district court is required to resolve all doubts about jurisdiction in favor of remand." Wilkinson v.Shackelford, 478 F.3d 957, 963 (8th Cir. 2007); Business Men's Assur. Co. of America, 992 F.2d at 183; Hollenbeck, 201 F.Supp.2d at 992.

## III. ARGUMENT

**A. Plaintiff's First Amended Petition is non-removable because it arises under the Missouri Workers' Compensation Law.**

Defendants have removed Plaintiff's case to Federal Court based upon federal question jurisdiction pursuant to 28 U.S.C. § 1441(b). However, Count 5 of Plaintiff's First Amended Petition alleges retaliation under the Missouri Workers' Compensation Law. As a result, Plaintiff's Petition for Damages may not be removed to Federal Court under 28 U.S.C. §1445(c). This section provides: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). "If §1445(c) applies, a case is nonremovable, even if it presents a federal question or there is diversity." Humphrey v. Sequentia, 58 F.3d 1238, 1246 (8th Cir. 1995), citing Spearman v. Exxon Coal USA, Inc., 16 F.3d 722 (7th Cir.1994).

The Eight Circuit has adopted a bright-line rule regarding the nonremovablility of claims arising under the Missouri Workers' Compensation Law:

> "Under the plain meaning of the statute, where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore 1445(c) applies...." Humphrey, 58 F.3d at 1246.

The issue in Humphrey was whether the plaintiff's claim for workers' compensation retaliatory discharge arose under State workers' compensation law within the meaning of 28 U.S.C. § 1445(c). The Eighth Circuit found that, because the Missouri Workers Compensation Law specifically includes an anti-retaliation provision (Section 287.780 RSMo), the plaintiff's cause was one "arising under" a state workers' compensation law. Id. at 1245. Even though the plaintiff had also alleged other federal question claims, the Humphrey court held that the entire action was nonremovable, and that it must be remanded to State court. Id. at 1246 and 1247.

A recent opinion from the United States District Court for the Eastern District of Missouri confirms that removal is inappropriate under the facts of this case. In <u>Wood v. American Residential Services</u>, Case No. 4:11cv00278HEA (E.D.Mo. 2011)[1], the plaintiff asserted claims for retaliation under the Missouri Workers' Compensation Law, and a claim under the federal Fair Labor Standards Act. The District Court, citing <u>Humphrey</u>, stated:

> "While Plaintiffs' Count II of their petition presents a federal question claim under the Fair Labor Standards Act… and there is diversity jurisdiction amongst the parties, our circuit has held that if §1445(c) applies, a case is not removable even if it holds a federal question or diversity."

In light of clear Eighth Circuit precedent, the District Court found that removal was improper and remanded the case to State court.

As Plaintiff's First Amended Petition alleges retaliation in violation of Section 287.870 RSMo, Plaintiff has pled a claim that arises under the Missouri Workers' Compensation law. The presence of Plaintiff's workers' compensation retaliation claim renders this entire action nonremovable under 28 USC § 1445(c). Therefore, Plaintiff's Motion to Remand this case to the Circuit Court of Jackson County must be granted.

**B. Plaintiff should be awarded attorneys' fees incurred as a result of Defendant's improper removal.**

28 U.S.C. §1447(c) states that a Court may order the payment of costs and expenses, including attorney fees, incurred as a result of an improper removal. Although an award of attorney's fees under this statute is discretionary, federal courts have emphasized that the key factor in deciding whether to award attorney's fees is the propriety of the defendant's removal. <u>Lytle v. Lytle</u>, 982 F.Supp.671, 674 (E.D. Mo. 1997); <u>Excell Inc. v. Sterling Boiler and Mechanical, Inc.</u>, 106 F.3d 318, 322 (10th Cir.

---

[1] The court's Order in <u>Wood</u> is attached as Exhibit A.

1997). It is well established that the prevailing plaintiff is not required to demonstrate bad faith on the part of the removing party in order to recover attorney's fees. <u>Lytle</u>, 982 F. Supp. at 674; <u>Tenner v. Zurek</u>, 168 F.3d 328, 330 (7th Cir. 1999); <u>Excell, Inc.</u>, 106 F.3d at 322.

An award of attorney's fees and costs to Plaintiff is warranted in this case. <u>Humphrey</u> has been repeatedly cited in published federal cases since it was decided in 1995. The bright-line rule announced in <u>Humphrey</u> clearly prohibits removal of a claim arising under Section 287.870 RSMo. In light of <u>Humphrey</u>, Defendants could not have had a reasonable basis to believe that removal was proper, even though federal claims were asserted in the First Amended Petition. The Defendant was obligated to research controlling case law prior to filing for removal. The Defendant's apparent failure to do so justifies an award of attorney's fees.

## IV. CONCLUSION

The workers' compensation retaliation claim asserted in Count 5 of Plaintiff's First Amended Petition arises under the Missouri Workers' Compensation Law. The Plaintiff's claims are therefore nonremovable under 28 U.S.C. §1445(c) and <u>Humphrey v. Sequentia</u>, 58 F.3d 1238, 1246 (8th Cir. 1995). Because the controlling Eighth Circuit precedent on this subject is crystal clear and well-established, Defendant could not have had any reasonable basis to believe that removal was proper. Therefore, the Defendant should be required to pay the Plaintiff's attorney's fees incurred as a result of its improper removal.

**WHEREFORE** for the reasons stated above, Plaintiff moves for an Order

remanding this case to the Circuit Court of Jackson County, Missouri, for Defendant to pay Plaintiff her reasonable costs, expenses and attorney's fees incurred as a result of Defendant's improper removal, and for such further relief as the Court deems just and proper.

Respectfully Submitted,

CASTLE LAW OFFICE of KANSAS CITY, P.C.

*s/Andrew Schendel*
Andrew Schendel #61186
818 Grand Blvd, Suite 700
Kansas City, Missouri 64106
(816) 283-0303 phone
(816) 842-0016 facsimile
aschendel@castlelaw-kc.com
ATTORNEY FOR PLAINTIFF

**Certificate of Service**

I certify that on June 22, 1011, I electronically filed the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Jeffrey D. Hanslick
Traci Daffer Martin
Husch Blackwell, LLP
4801 Main St., Suite 1000
Kansas City, MO 64112
jeffrey.hanslick@huschblackwell.com
traci.martin@huschblackwell.com
ATTORNEYS FOR DEFENDANT

*s/Andrew Schendel*