# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| DEBRA OLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-cv-00602-JTM |
| | ) | |
| SAINT LUKE'S HOSPITAL | ) | |
| OF KANSAS CITY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND OR, IN THE ALTERNATIVE, SEPARATE MOTION TO SEVER PLAINTIFF'S WORKERS' COMPENSATION CLAIM

For its Response to Plaintiff's Motion to Remand or, in the Alternative, Separate Motion to Sever Plaintiff's Workers' Compensation Claim, Defendant Saint Luke's Hospital of Kansas City offers the following suggestions:

### *Suggestions*

Contrary to Plaintiff's assertion, Humphrey v. Sequentia, 58 F.3d 1238 (8th Cir. 1995), does not provide a "bright-line rule" that all Missouri workers' compensation claims are non-removable under 28 U.S.C. § 1445(c). Instead, Humphrey acknowledges the difference between a workers' compensation retaliation claim brought pursuant to Missouri statute, Mo. Rev. Stat. § 287.780, and a workers' compensation retaliation claim brought pursuant to Missouri common law. See Humphrey, 58 F.3d at 1245. Indeed, this Court has confirmed such a distinction, stating "a workers' compensation retaliation claim arising under Missouri common law is not considered to 'arise under' a state's workers' compensation laws and so falls outside the scope of § 1445(c)." Burris v. Zale Delaware, Inc., No.09-6099-CV-SJ-FJG, 2009 WL 3762987, at *2 (W.D. Mo. Nov. 10, 2009) (citing Humphrey, 58 F.3d at 1245); see also Miller v. Ceva

Logistics, No. 07-0644-CV-W-FJG, 2008 WL 130847, at *1 (W.D. Mo. Jan.10, 2008) (holding removal to be proper when workers' compensation retaliation claim was based on Missouri common law and diversity requirements were met).

Plaintiff's First Amended Petition makes no mention of Mo. Rev. Stat. § 287.780; instead, it simply states that Plaintiff "exercised her rights under Missouri's Workers' Compensation Law" and that, after doing so, "defendant discriminated against the Plaintiff and discharged her." See First Amended Petition (Doc. No. 1 at Exhibit 2) at ¶¶ 67-68. Because it appears Plaintiff is asserting a cause of action under Missouri common law, not Missouri statute, 28 U.S.C. § 1445(c) does not prohibit the removal of the suit when there is also federal question jurisdiction.

If 28 U.S.C. § 1445(c) applies to Plaintiff's workers' compensation claim, then Saint Luke's asks the Court sever Plaintiff's workers' compensation claim pursuant to Federal Rule of Civil Procedure 21. Rule 21 provides courts the discretion to "sever any claim against a party" so it can proceed "as a discrete, independent action." E.S. v. Independent School Dist., No. 196, 135 F.3d 566, 568 (8th Cir. 1998). Indeed, severing Plaintiff's workers' compensation claim makes sense, as Plaintiff advances it as an alternative theory.

Finally, the Court should deny Plaintiff's request for attorney's fees under 28 U.S.C. § 1447(c). As the U.S. Supreme Court explained in Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005): "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal" (emphasis added). As previously stated, Humphrey provides a general rule to which this Court has carved out an exception, as outlined in the above-cited cases. Because the Western District of Missouri has held common law workers' compensation claims do not fall

under 28 U.S.C. § 1445(c), Saint Luke's' argument was "supported by case law and made in good faith," and Plaintiff cannot suggest "that the defendants removed the case solely for the purpose of delaying trial." See Banks v. Archer Daniels Midland Co., No. 4:10 CV 700 DDN, 2010 WL 2265165, at *3 (E.D. Mo. June 2, 2010). As such, sanctions are not appropriate. See Ross v. Scottsdale Ins. Co., No. 4:10 CV 1499 DDN, 2010 WL 4810211, at *3 (E.D. Mo. Nov. 19, 2010) (denying sanction when defendant attempted to remove petition after 30 day deadline for remove had passes).

## CONCLUSION

For the reasons stated above, Saint Luke's respectfully asks the Court to retain jurisdiction over the entire matter or, in the alternative, to sever Plaintiff's workers' compensation claims.

Respectfully submitted,

/s/ Jeffrey D. Hanslick

| | |
|---|---|
| Jeffrey D. Hanslick | MO Bar No. 46693 |
| Traci Daffer Martin | MO Bar No. 59796 |

Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
jeffrey.hanslick@huschblackwell.com
traci.martin@huschblackwell.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was sent via the Court's ECF system this 11th day of July, 2011, to:

Andrew C. Schendel
818 Grand Blvd., Suite 700
Kansas City, Missouri 64106
816.283.0303
816.842.0016 FAX
aschendel@castlelaw-kc.com

**Attorneys for Plaintiff**

/s/ Jeffrey D. Hanslick
Attorney for Defendant