IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DEBRA OLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 11-00602-CV-W-JTM |
| | ) | |
| SAINT LUKE'S HOSPITAL OF KANSAS CITY, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

On October 19, 2010, plaintiff Debra Olson ("Olson") filed this action against Saint Luke's Hospital of Kansas City ("the Hospital") in the Circuit Court of Jackson County, Missouri, asserting an employment discrimination claim under the Missouri Human Rights Act, MO. REV. STAT. §§ 213.010, *et seq*. Subsequently, Olson filed an amended pleading adding counts for: alleged violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. [Count 2], alleged violations of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq*., [Count 3], alleged negligent supervision and retention under Missouri common law [Count 4], and "workers' compensation retaliation" [Count 5]. On June 13, 2011, the Hospital removed the case to this Court. Pending before the Court is Olson's motion to remand the case to state court.

Olson's argument is based on a single premise, to wit: her amended petition asserts a claim under the Missouri workers' compensation law in Count V and, thus, is not removable to federal court. Indeed, federal law unambiguously provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). As a result, when Section 1445(c) is applicable, "a case is nonremovable, even if it presents a federal question or there is diversity."

*Humphrey v. Sequentia*, 58 F.3d 1238, 1246 (8th Cir. 1995). The dispositive question, then, is whether Olson's count for "workers' compensation retaliation" arises under the Missouri workers' compensation law.

In Missouri, an individual claiming injury as a result of retaliation for exercising workers' compensation rights may bring a claim under the anti-retaliation provision of the Missouri workers' compensation law, MO. REV. STAT. § 287.780.[1] The Eighth Circuit has determined that a case asserting such a claim does arise under the workers' compensation law and, pursuant to 28 U.S.C. § 1445(c), is non-removable to federal court. *Humphrey*, 58 F.3d 1246.

In response, the Hospital argues that an aggrieved party in Missouri may pursue a workers' compensation retaliation claim under either Section 287.780 or they may bring a workers' compensation retaliation claim under Missouri common law. The Hospital, however, cites to no Missouri cases creating or defining such a Missouri common law cause of action.[2] Certainly, the cases discussing Section 287.780 do not seem to acknowledge any preexisting similar common law cause of action:

---

[1] No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his [or her] rights under [the Missouri Workers' Compensation Act]. Any employee who has been discharged or discriminated against shall have a civil action for damages against his [or her] employer.

MO. REV. STAT. § 287.780.

[2] The Hospital cites to two unreported cases in this District that mention workers compensation retaliation claims, but neither analyzes whether such a claim exists under Missouri common law. Similarly, in *Humphrey*, the Eighth Circuit noted that Illinois recognized a common law claim for workers' compensation retaliatory discharge and contrasted that situation to Missouri where the right was embedded in the statutory workers compensation law.

2

> Section 287.780 <u>creates</u> for an employee <u>a civil cause of action</u> for damages against an employer by providing that no employer "shall discharge or in any way discriminate against" an employee for exercising any of the employee's rights under the Act. This section does not abolish the employment-at-will doctrine but rather provides a <u>limited exception</u>.

*St. Lawrence v. Trans World Airlines, Inc.*, 8 S.W.3d 143, 149 (Mo. App. [E.D.] 1999). Indeed, in *Gannon v. Sherwood Medical Co.*, 749 F.Supp. 979 (E.D. Mo. 1990), the district court refused to recognize a general claim for retaliatory discharge in violation of public policy based on the exercise of workers compensation:

> There is no need for the Court to imply a cause of action based upon the policies mandated by the ADEA and the Workers' Compensation Act because those statutes contain remedial provisions which provide for direct recovery thereunder. . . . Because each of the statutes on which plaintiff relies contains a remedial provision, the Court concludes that plaintiff's claim for recovery based on the violation of a public policy evinced by both statutes is duplicative and unwarranted.

*Id*. at 981.

In the absence of any legal cases recognizing a common law action in Missouri for workers' compensation retaliation, the Court must presume that Olson is asserting her claim in Count V under MO. REV. STAT. § 287.780 (although the statute itself is not cited). As such, the decision in *Humphrey* is dispositive and the workers' compensation claim was non-removable.

Perhaps anticipating this result, the Hospital alternatively moves that the Court sever the workers' compensation from the rest of Olson's suit and remand only that portion of the litigation. Olson has not responded to the Hospital's motion.

The Hospital removed this case to federal court based on federal question jurisdiction. Consequently, the key statutory provision regarding the possibility of severance provides:

> [w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [*i.e.*, federal question] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). *See also Burris v. Zale Delaware, Inc.*, 2009 WL 3762987, op. at *3 (W.D. Mo. Nov. 10, 2009) ("severance of a non-removable state claim is permissible only if the district court is exercising federal question jurisdiction"). Accordingly, it is

**ORDERED** that *Plaintiff's Motion to Remand*, filed June 22, 2011 [Doc 4] is **GRANTED IN PART AND DENIED IN PART**. Pursuant to Section 1441(c) and the foregoing discussion, the Court severs the federal question counts (Counts 2 and 3 alleging violations of the ADA and the Rehabilitation Act) from the remaining counts which arise solely under state law. The latter counts (Counts 1, 4 and 5) are remanded to the Circuit Court of Jackson County, Missouri at Kansas City, Division 18.

  */s/ John T. Maughmer*
  **JOHN T. MAUGHMER**
  **U. S. MAGISTRATE JUDGE**